# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FLORIN NOVAC,

     Petitioner

v.

MICHAEL BERNACKE, et al.,[1]

     Respondents

Case No.: 2:26-cv-00946-APG-NJK

**Order (1) Granting Petition for Writ of Habeas Corpus, (2) Denying Motion for a Temporary Restraining Order, and (3) Denying Motion for a Default Judgment**

[ECF Nos. 1, 4, 5]

Petitioner Florin Novac is a citizen of Ireland and Romania who is currently being detained by Immigrations and Customs Enforcement (ICE). ECF No. 1 at 2-3.  He entered the United States in October 2016 through the Visa Waiver Program (VWP) which allowed him to be in the country for up to 90 days. *Id.* at 10; 8 U.S.C. § 1187(a)(1).  Novac remained in the country after his visa expired and applied for asylum in 2023. ECF Nos. 1 at 10; 10-3 at 6, 14.

In February 2026, Novac was arrested for falsifying a document and subsequently transferred into ICE custody. ECF No. 1 at 10*.*  He requested a bond redetermination hearing before an Immigration Judge (IJ), but the IJ denied bond due to lack of jurisdiction to release Novac pursuant to the Board of Immigration Appeal's (BIA) decision in *Matter of A- W-*, 25 I. & N. Dec. 45 (BIA 2009). *Id.*  An IJ later denied his asylum application on May 19, 2026, and Novac has until June 18, 2026 to appeal that decision to the BIA. *See EOIR Automated Case Info*, EXEC. OFF. FOR IMMGR. REV., https://acis.eoir.justice.gov/en/caseInformation (last visited June 2, 2026).  He remains detained at the Nevada Southern Detention Center. *Id.* at 10-11.

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi. Fed. R. Civ. P. 25(d).

Novac filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking his release or a bond hearing.  He argues he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and that the IJ's reliance on *Matter of A- W-* was incorrect.  He further contends that his detention violates his substantive and procedural due process rights.  Additionally, he moved for a temporary restraining order, seeking his immediate release.

After the government did not respond to Novac's petition, Novac moved to grant his petition as unopposed or, alternatively, for default judgment.  I subsequently ordered the government to respond to the petition and pending motions by April 30, 2026.  The government timely filed a response to the motion for default judgment and moved to extend time to respond to the petition and motion for a temporary restraining order.  I granted the motion to extend time.  The government timely filed its response to the petition and motion for a temporary restraining order within the new deadline.

I grant the petition in part, ordering that Novac receive a bond hearing.  Accordingly, I deny his motions for a temporary restraining order and default judgment as moot.

## I.     MOTION FOR DEFAULT JUDGMENT

I deny Novac's motion for default judgment for two reasons.  First, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).  This would require me to address the merits of Novac's petition. *See Borzeka v. Heckler*, 739 F.2d 444, 446 (9th Cir. 1984).  My decision on the merits of the petition moots the motion for default judgment.  Second, the government filed its response to the petition by the deadline I set.

/ / / /

/ / / /

2

## II.    PETITION FOR A WRIT OF HABEAS CORPUS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

### A.  Novac is entitled to a bond hearing.

At issue in this petition is how Novac's status as a VWP participant affects whether he receives a bond hearing under the Immigration and Naturalization Act (INA).  The VWP "allows travel without a visa for short-term visitors from 38 countries that have entered into a rigorous security partnership with the United States." *Trump v. Haw.*, 585 U.S. 667, 690 (2018) (quotation omitted).  Noncitizens who enter through the VWP "forfeit the right to challenge the basis of their removal, though they may still apply for asylum, withholding of removal, and relief under the [Convention Against Torture (CAT)]." *Shehu v. Att'y Gen. of United States*, 482 F.3d

652, 655 (3d Cir. 2007) (citing 8 U.S.C. § 1187(b)).  Consequently, they are "not entitled to proceedings under [8 U.S.C. § 1229a]," the statute that establishes removal proceedings for most noncitizens. 8 C.F.R. § 1208.2(c)(1)(iv).  Instead, VWP participants are granted "'asylum-only'" proceedings.[2] *Shehu*, 482 F.3d at 655.  "Unless granted relief in those proceedings, the Visa Waiver applicant can be removed without further proceedings." *Kanacevic v. Immigr. & Naturalization Serv.*, 448 F.3d 129, 133 (2d Cir. 2006) (citing 8 C.F.R. § 217.4(a)(1)).  The regulations governing the asylum-only hearing and potential removal of VWP participants are 8 C.F.R. §§ 217.4 and 1208.2(c). *See A- W-*, 25 I. & N. Dec. at 47.  The asylum-only proceedings are "conducted in accordance with the same rules of procedure as proceedings conducted under 8 CFR part 1240, subpart A," the implementing regulations for § 1229a. 8 C.F.R. § 1208.2(c)(3)(i). The removal of a VWP participant "who has been admitted to the United States" "is equivalent in all respects and has the same consequences as removal after proceedings conducted under [§ 1229a]." 8 C.F.R. §§ 217.4(b)(1), (2).

The parties dispute whether Novac, as a VWP participant, is entitled to a bond hearing pending the outcome of his asylum-only hearing.  The first step is to determine which statute governs Novac's detention. *See Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023) ("A noncitizen's place within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." (quotation omitted)).  Because Novac was detained within the country, far from the border context, 8 U.S.C. § 1226(a) governs his detention. *Rodriguez v.*

---

[2] The phrase "asylum-only" proceedings is a "misnomer" because, as stated above, the VWP participant can also apply for withholding of removal and protection under the CAT. *Bao Tai Nian v. Holder*, 683 F.3d 1227, 1228 & n.1 (9th Cir. 2012) (quotation omitted).

*Mullin*, No. 2:26-cv-00531-APG-NJK, 2026 WL 895685, at *3-4 (D. Nev. Apr. 1, 2026).[3] Section § 1231(a) does not govern his detention because he can still appeal his denial of asylum to the BIA, meaning that the order is not "administratively final." *See* 8 U.S.C. § 1231(a)(1)(B)(i); *Bao Tai Nian v. Holder*, 683 F.3d 1227, 1230 (9th Cir. 2012) (holding that the denial of relief in asylum-only proceedings is the "functional equivalent" of a final order of removal (quotation omitted)). The government does not dispute Novac's contention that he is detained under § 1226(a).

Novac argues that, because § 1226(a) governs his detention, he must receive a bond hearing. Section § 1226(a)'s text permits, but does not mandate, that the government provide bond hearings to detained noncitizens. 8 U.S.C. §§ 1226(a)(1), (2). But its implementing regulation, 8 C.F.R § 1236.1, entitle noncitizens detained under § 1226(a) to a bond hearing before an IJ upon the noncitizen's request "at any time before [a removal] order under 8 CFR part 1240 becomes final." 8 C.F.R. § 1236.1(d)(1). The government argues that Novac is not entitled to a bond hearing because he is not in removal proceedings under 8 C.F.R. part 1240, citing to *A- W-*. *See A- W-*, 25 I. & N. Dec. at 47 ("The [VWP participant] is not in removal proceedings under 8 C.F.R. Part 1240 and, . . . [t]hus, the Immigration Judge has not been granted authority to redetermine the conditions of the applicant's custody under 8 C.F.R. § 1236.1(d).")

---

[3] In *Matter of A- W-*, the BIA held that VWP participants, like Novac, are detained under 8 U.S.C. § 1187(c)(2)(E). 25 I. & N. Dec. at 47. That is not the best reading of the INA. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024) ("agency interpretations of statutes . . . are not entitled to deference" (emphasis omitted)). Section 1187(c)(2)(E) "contains no language which expressly authorizes the detention of VWP aliens." *Szentkiralyi v. Ahrendt*, No. 17-1889 (SDW), 2017 WL 3477739, at *3 (D.N.J. Aug. 14, 2017). Only "[f]our statutes grant the Government authority to detain noncitizens" pending their removal: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez*, 69 F.4th at 529.

Though Novac is not in removal proceedings under 8 C.F.R. part 1240, that does not necessarily preclude him from receiving a bond hearing under § 1236.1(d)(1).  Section § 1236.1(d)(1)'s text permits noncitizens to request a bond hearing until their removal order under 8 C.F.R. part 1240 becomes final, but it does not explicitly limit bond hearings to noncitizens within removal proceedings. *See* 8 C.F.R. § 1236.1(d)(1).  And the regulations implementing the INA do not otherwise explicitly bar VWP participants from receiving bond hearings.

At least three regulations and statutes equate parts of asylum-only proceedings to removal proceedings, such that § 1236.1(d)(1) should also apply to VWP participants like it does to noncitizens in removal proceedings.  The first, 8 C.F.R. § 1208.2(c)(3)(i), states that asylum-only proceedings "shall be conducted in accordance with the same rules of procedure as proceedings conducted under 8 CFR part 1240, subpart A."  Because the procedures of asylum-only proceedings track those of removal proceedings, VWP participants should also be entitled to the procedures governing a bond hearing.

The second, 8 C.F.R § 217.4(b)(2), states that the removal of VWP participants who were admitted to the United States "is equivalent in all respects and has the same consequences as removal after proceedings conducted" under § 1229a and its implementing regulation, 8 C.F.R. part 1240.  Third, the denial of relief in asylum-only proceedings is the "functional equivalent of a final order of removal" under 8 U.S.C. § 1252(a)(1),[4] such that United States Courts of Appeals have jurisdiction to review denial of relief in asylum-only proceedings. *Bao*, 683 F.3d at 1229-30 (simplified); *Shehu*, 482 F.3d at 656 (A "denial of a VWP applicant's petition for

---

[4] Section 1252 governs the judicial review of final orders of removal of a noncitizen. 8 U.S.C. § 1252.

asylum, withholding of removal, and relief under the CAT constitutes 'a final order of removal' within the meaning of [8 U.S.C. § 1252(a)(1)]" (quoting 8 U.S.C. § 1252(a)(1))).  This regulation and statute equate an order denying relief in asylum-only proceedings to a final order in a removal proceeding.  So it follows that a VWP participant's status prior to receiving a final order denying relief is "functional[ly] equivalent" to a noncitizen in removal proceedings who has not received a final order of removal. *See Bao Tai Nian*, 683 F.3d at 1230 (quotation omitted).  Therefore, when § 1236.1(d)(1) allows for a noncitizen to request a bond hearing "at any time before an order under 8 CFR part 1240 becomes final," that includes a VWP participant who has not exhausted his administrative remedies for relief in his asylum-only proceedings.

The government argues that § 1187(b) requires a VWP participant to waive the ability to contest any action for their removal, including their detention.  Section 1187(b)(2) requires that VWP participants to "waive[] any right . . . to contest . . . any action for removal of the alien" except for an application for asylum.  Its implementing regulation affirms that a VWP participant's asylum-only proceedings "shall be limited to a determination of whether the alien is eligible for asylum or withholding or deferral of removal, and whether asylum shall be granted in the exercise of discretion." 8 C.F.R. § 1208.2(c)(3)(i).  And "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *Id.*  A "plain reading" of § 1187(b) and 8 C.F.R § 1208(c)(3)(i) suggests that they:

> limit[] only the substantive relief from removal for VWP entrants or violators. Allowing VWP violators who are in custody to request a bond redetermination hearing under 8 C.F.R. § 1236.1(d) does not frustrate the intent of the VWP program to limit the types of substantive relief available.  A bond determination is a procedural, not substantive, function.

*Sutaj v. Rodriguez*, No. 16-5092 (JMV), 2017 WL 66386, at *5 (D.N.J. Jan. 5, 2017).  Therefore, Novac did not waive his ability to request a bond redetermination hearing when he entered the country through the VWP program.

Because Novac does not have an administratively final order denying him asylum, he is entitled to a bond hearing under § 1236.1(d)(1).  Accordingly, I grant his petition in part,[5] order that he receive a bond hearing, and deny his motion for a temporary restraining order as moot.

**B. Novac may move for attorney's fees.**

Novac requests costs and attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  The government did not respond to his request.  The EAJA provides that I "shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . brought by or against the United States" unless I find that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  Novac, as the prevailing party, may move for fees.  If he does, he must show that the government's position was not substantially justified and that no special circumstances make an award unjust.  The motion must be submitted by **July 9, 2026**, and the normal briefing schedule will apply.

**III.    CONCLUSION**

I THEREFORE ORDER petitioner Florin Novac's petition for a writ of habeas corpus **(ECF No. 1) is GRANTED in part**.

I FURTHER ORDER the respondents to provide Novac with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d) by **June 15, 2026**.  **The**

---

[5] Because I grant Novac's petition on statutory grounds, I do not address his constitutional arguments.

**respondents must notify Novac's counsel of the time and date of the hearing at least three days before the hearing.**

I FURTHER ORDER that if an individualized bond hearing is not provided by June 15, 2026, Novac must be released from ICE custody until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

I FURTHER ORDER that Novac's motion for a temporary restraining order **(ECF No. 4) is DENIED as moot.**

I FURTHER ORDER that Novac's motion for default judgment **(ECF No. 5) is DENIED**.

DATED this 5th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

9